IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHUBBUCK,<br><br>        Plaintiff,<br><br>   vs.<br><br>HAYDEN, et al.,<br><br>        Defendants.             / | CASE NO. CV-F-06-1810 OWW DLB P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>[Doc. 3] |

     Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Now pending before the court is plaintiff's motion for preliminary injunctive relief, filed December 13, 2006. Plaintiff seeks a preliminary injunction requiring defendants to provide medical care and transfer him to a different facility.

     As a threshold matter, the court deems it necessary to address plaintiff's decision to combine his first amended complaint and motion for preliminary injunctive relief. Plaintiff is advised that his pleadings and motions must be separately filed. If plaintiff again combines pleadings and motions in the same filing, the court will order the filing stricken from the record.

     The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination

of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." <u>Id</u>. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." <u>Id</u>. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." <u>Id</u>.

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Plaintiff is not entitled to preliminary injunctive relief until such time as the court finds that his complaint contains cognizable claims for relief against the named defendants <u>and</u> the named defendants have been served with the summons and complaint. At this juncture, plaintiff's motion for preliminary injunctive relief is premature. Plaintiff may file another motion for preliminary injunctive relief at a later stage. Plaintiff is cautioned to any further motions for preliminary injunctive relief that are filed before defendants are served with process in this case will be denied as premature.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed on December 13, 2006, be denied, without prejudice, as premature.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **December 19, 2006**         **/s/ Dennis L. Beck**
3b142a                                          UNITED STATES MAGISTRATE JUDGE