IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHUBBUCK, | CASE NO. 1:06-CV-1810 OWW DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED |
| vs. | |
| HAYDEN, et al., | [Docs. 30, 31, 34, 36, 40, and 43] |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint filed December 13, 2006 against defendants Hayden, Brown, Sedwick, Diep, Castillo and Igbanosa on plaintiff's claim that they violated his Eighth Amendment by acting with deliberate indifference to his serious medical needs.[1]  On December 13, 2006 plaintiff filed a motion seeking preliminary injunctive relief.  Plaintiff's motion was denied on December 20, 2006 as being premature, as the named defendants had not been served with the summons and complaint.  On March 13, 2007, plaintiff's motion for reconsideration was heard and plaintiff's request for injunctive relief was again denied.

Now pending before the court is plaintiff's motions for preliminary injunctive relief, filed July

---

[1] Plaintiff's allegations in support of his complaint are improperly included in plaintiff's request for preliminary injunction filed on December 13, 2006, and not in his complaint (Doc. 3).

1

1  11, 2007, July 20, 2007, August 28, 2007, October 19, 2007, January 1, 2008, and February 13, 2008
2  (Docs. 30, 31, 34, 36, 40, and 43). On January 24, 2008, Defendants filed an opposition to plaintiff's
3  January 1, 2008 motion (Doc. 41).

4  In his motions, plaintiff alleges that as a result of two strokes and open heart surgery, he is
5  unable to swallow thin liquids and solid foods. Plaintiff alleges that he requires a special diet or a
6  blender, which is not currently provided for him. Plaintiff further alleges that defendants have retaliated
7  against him for filing his complaint by placing him in an isolation hospital cell for 9 months, and
8  denying him access to the law library. Plaintiff seeks a court order mandating that he be transferred to
9  a prison with an appropriate medical facility. In his motion filed July 11, 2007, plaintiff also seeks the
10 court's assistance in obtaining a typewriter.

11 In their opposition, defendants argue that plaintiff has not met his burden because he has not
12 presented any evidence that he has suffered or will suffer irreparable harm. Defendants deny that they
13 have acted with "deliberate indifference" to plaintiff's medical needs.

14     A.  Medical Claims

15 The purpose of a preliminary injunction is to preserve the status quo if the balance of equities
16 so heavily favors the moving party that justice requires the court to intervene to secure the positions until
17 the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395
18 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination
19 of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and
20 the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937
21 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable
22 injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the
23 merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits,
24 or questions serious enough to require litigation." Id.

25 The claims in this action arise from the alleged failure of defendants to provide plaintiff with
26 adequate medical care. Specifically, plaintiff alleges that he requires a specialized diet that is not being
27 provided to him. Plaintiff alleges that due to the nature of his medical condition, the failure to provide
28 him with proper treatment has endangered his health and caused him to suffer needless pain. Plaintiff

2

is not requesting a preliminary injunction to preserve the status quo, but rather that he be transferred to another prison.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A *mandatory* preliminary injunction, such as that sought by plaintiff in the instant motions, "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." Dahl v. Hem Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993). As the moving party, it is plaintiff who bears the burden, and the burden does not shift to defendants unless and until plaintiff's burden has been met.

A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim," Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Although plaintiff may offer his lay opinion as to the symptoms he is experiencing (e.g., weight loss, vomiting, nausea, weakness), plaintiff may not offer his opinion as to the appropriate medical treatment facility. In addition, plaintiff has not submitted documentary evidence in the form of medical records, or statements that plaintiff is in immediate need of the transfer he seeks and is under significant

threat of irreparable harm without the injunction.  Thus, plaintiff has not made the showing required to meet his burden as the party moving for preliminary injunctive relief.

### B.  Retaliation Claims

Plaintiff alleges that as a result of filing his complaint, defendants have retaliated against him by placing him in an isolation cell, thus denying plaintiff outside activity, exercise, religious services, phone calls, quarterly packages, and canteen items (Doc. 36, p.2).  Plaintiff further alleges that defendants have impeded his access to the prison law library.  Plaintiff seeks a mandatory injunction ordering plaintiff be transferred away from defendants.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.

This action is proceeding against defendants for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment.  Because an order mandating plaintiff's transfer would not remedy the claim upon which this action proceeds, the court lacks jurisdiction to issue the order sought by plaintiff.

### C. Request for Typewriter

In his motion filed July 11, 2007 (Doc. 30), Plaintiff requests that the court provide plaintiff with a typewriter in order to draft correspondence.  The court construes the motion as a request for a typewriter at public expense.  The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress.  See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted).  First, plaintiff is not proceeding in forma pauperis.  Second, the statute does not authorize the expenditure of public funds for the purpose sought by plaintiff.

///

///

1    Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motions for
2 preliminary injunctive relief, filed July 11, 2007, July 20, 2007, August 28, 2007, October 19, 2007,
3 January 1, 2008, and February 13, 2008, be DENIED on the grounds that the court lacks jurisdiction
4 in this action to issue the order sought, and that plaintiff has not met his burden as the moving party.

5    These Findings and Recommendations will be submitted to the United States District Judge
6 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fifteen **(15) days**
7 after being served with these Findings and Recommendations, plaintiff may file written objections with
8 the court.  The document should be captioned "Objections to Magistrate Judge's Findings and
9 Recommendations."  Plaintiff is advised that failure to file objections within the specified time may
10 waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11    IT IS SO ORDERED.

12    **Dated:  March 7, 2008**              **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE