# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHUBBUCK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HAYDEN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-CV- 1810 OWW DLB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(Doc. 48)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br><br>**Discovery Cut-Off Date-**　　　07/23/2008<br>**Dispositive Motion Deadline -**　09/23/2008<br><br>ORDER DIRECTING CLERK OF COURT TO SEND APPLICATION TO PROCEED IN FORMA PAUPERIS TO PLAINTIFF |

Plaintiff David Chubback ("plaintiff") is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 13, 2006. On August 22, 2007, this court issued its Discovery Order/Scheduling Order. (Doc. 33). The discovery cut-off date for this action was April 23, 2008 , and the dispositive motion deadline is June 23, 2008.

On April 21, 2008, plaintiff filed a motion requesting that all scheduled dates be extended for 180 days. (Doc. 48). Plaintiff states that he has been diagnosed with colon cancer, and that he is currently undergoing medical treatment. Plaintiff states that he needs time to heal, and requests a six-month extension of all deadlines. Plaintiff also requests that the court appoint legal counsel to assist plaintiff.

///

1

On May 12, 2008, the court received a letter from attorney Stephen Prater. Mr. Prater is not counsel of record for plaintiff in the present action.[1]  Mr. Prater states he is writing on behalf of plaintiff to seek a continuance in this action, due to plaintiff's medical condition.

A.      Plaintiff's Motion for Appointment of Counsel

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).  Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

A review of the file indicates that plaintiff filed a motion to proceed in forma pauperis on December 13, 2006.  (Doc. 2).  On January 16, 2007, plaintiff was advised that his application was incomplete.  Plaintiff was ordered to submit a new application to proceed in forma pauperis with a certified copy of his prison trust account statement for the six month period immediately proceeding the filing of the complaint, or in the alternative, pay the $350.00 filing fee.  (Doc. 7).  On February 1, 2007, the court received payment of plaintiff's filing fee.

Because plaintiff has not been granted in forma pauperis status, the court cannot establish that plaintiff is unable to afford counsel.  Plaintiff is ordered to a new application to proceed in forma pauperis with a certified copy of his prison trust account statement as detailed above.  Once the court receives plaintiff's complete application, the court will determine whether plaintiff qualifies to proceed in forma pauperis.  Plaintiff may then re-file his motion for appointment of counsel.

Therefore, plaintiff's motion for appointment of counsel is HEREBY DENIED, WITHOUT PREJUDICE.  If and when plaintiff is granted in forma pauperis status, plaintiff may re-file his motion for appointment of counsel.

///

---

[1] Mr. Prater refers to plaintiff as both a client and a friend.  However, he states that plaintiff has been representing himself pro se, and that he is attempting to find an attorney to represent plaintiff pro bono in this action.

2

B.      Motion for Extension of Time

Having considered plaintiff's motion for an extension of time and good cause appearing, the court will grant plaintiff a 90-day extension of the discovery cut-off date and dispositive motion deadline.   The discovery cut-off date is **July 23, 2008**, and the dispositive motion deadline is **September 23, 2008**.  Plaintiff may file a motion for a second 90-day extension of time, at a later date, if he so requires and if good cause appears.

IT IS SO ORDERED.

**Dated:   May 29, 2008**               /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE