# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID T. CHUBBUCK, | CASE NO. 1:06-cv-01810-OWW DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED |
| v. | |
| HAYDEN, et al., | (Doc. 44) |
| Defendants. | |

Plaintiff David T. Chubbuck ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint against defendants Hayden, Brown, Sedwick, Diep, Castillo and Igbanosa for deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment. On March 3, 2008, Plaintiff filed a motion for preliminary injunctive relief. (Doc. 44). Defendants filed an opposition on October 15, 2008, upon order of the Court.[1] (Docs. 54, 56).

In his motion for preliminary injunctive relief, Plaintiff requests to be transferred to CMF immediately. Plaintiff also requests a court order directing defendants to cease retaliating against him.

///

---

[1] Defendants state that it appears that Plaintiff's filing is actually Plaintiff's reply to Defendants' Opposition to Motion for Preliminary Injunction filed on February 6, 2008. (Doc. 41). Because Plaintiff has titled the document, "Plaintiff's motion to this Court for an immediate preliminary injunction for plaintiff knows that he is being retaliated against. If a bond need to be posted then tell Plaintiff the cost and he will surely try and post the bond", the Court treats his filing as a separate motion for injunctive relief. If Plaintiff's filing is to be construed as a reply to defendants' opposition to Plaintiff's previous motion, Plaintiff's filing is untimely. Local Rule 78-230.

1

**Discussion**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted). Further, a mandatory preliminary injunction such as that sought by Plaintiff in the instant motion "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." Dahl v. Hem Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993).

    **A.    Request for Transfer**

At the time of filing on March 3, 2008, Plaintiff was incarcerated at Pleasant Valley State Prison in Coalinga, California, where the events giving rise to this action occurred. Plaintiff requests a transfer to the California Medical Facility ("CMF").

It appears from the Court docket that Plaintiff was in fact transferred to CMF as of March 25, 2008, and is still residing at CMF. (Docs. 46, 62). Accordingly, Plaintiff's request for a transfer to CMF now appears moot.

### B.  Court Order Ceasing Retaliatory Conduct

In his request for injunctive relief, Plaintiff requests a court order "directing defendants to cease and discontinue their obvious retaliation against Plaintiff". Plaintiff attests that he has been denied legal access to the courts, by being denied access to the law library. (Doc. 44, pp.1, 6).

This action is proceeding on Plaintiff's claims of denial of adequate medical care, in violation of the Eighth Amendment.[2] The issuance of the order sought by plaintiff would not remedy the Eighth Amendment claims alleged in this action. Accordingly, the court lacks jurisdiction to issue such the order requested by Plaintiff.

It also appears that Plaintiff's request is moot. When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

**Conclusion and Recommendation**

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed March 3, 2008, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

---

[2] "[C]ourts should not undertake to infer one cause of action when a complaint clearly states a claim under a different cause of action. '[T]he party who brings a suit is master to decide what law he will rely upon.'" O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060 (9th Cir. 2007) (quoting Bogovich v. Sandoval, 189 F.3d 999, 1001 (9th Cir. 1999) (internal quotations and citation omitted)). In his complaint, Plaintiff claims relief for violation of the Eighth Amendment for deliberate indifference to serious medical needs. (Docs. 1, ref'g to Doc.3, at pp.9-10).

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

**Dated:**   **December 23, 2008**            **/s/ Dennis L. Beck**
                                                     UNITED STATES MAGISTRATE JUDGE